863 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas R. CLAY a/k/a T.C., Defendant-Appellant.
 No. 88-5298.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before LIVELY, DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a jury conviction on several drug charges, including possession of cocaine and marijuana with intent to distribute and conspiring to distribute concaine and marijuana. The sole ground upon which the defendant seeks reversal is the district court's refusal to compel the government to disclose a tape-recorded conversation between an informant and a witness who was the live-in girl friend of the defendant. The defendant also requests this court to direct the government to disclose the tape-recorded conversation prior to a new trial.
 
 
 2
 The defendant argues that he believes the recorded conversation contained a statement by the witness which, if included in the affidavit, would have required the magistrate to find that there was no probable cause to issue a search warrant for the defendant's home. The allegedly omitted portion of the conversation was a statement by the defendant's girl friend that the defendant kept no cocaine at his residence. This argument overlooks the fact that the affidavit upon which the search warrant was issued related not only to the presence of cocaine, but also to the presence of marijuana, of packaging materials and of records which would identify other conspirators and other locations where controlled substances could be found, and which would reflect sales and purchases of illegal drugs. In other words, the search warrant was not issued solely on the basis that cocaine would likely be found on the premises, but the magistrate also found probable cause to believe that drug paraphernalia and records relating to drug transactions would be found. In fact, the search turned up no drugs; however, it did yield telephone numbers, pictures, maps, receipts, and other materials that corroborated testimony of various witnesses that the defendant had been involved in drug dealing over a period of time.
 
 
 3
 Upon careful examination of the affidavit and the search warrant, we conclude that the district court did not commit reversible error in denying the defendant's motion to produce the recorded conversation. Even if the magistrate had been told that the defendant's girl friend had stated on one occasion that the defendant did not have drugs at his residence, there was an abundance of factual information in the affidavit which supported the magistrate's determination that probable cause existed for a search of the residence.
 
 
 4
 The judgment of the district court is affirmed.